IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROY LARON YOUNG                                                                                      PLAINTIFF
ADC # 089567

v.                                            4:25CV01064-BSM-JTK

PULASKI COUNTY JAIL                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Roy Laron Young ("Plaintiff") is an inmate at the North Central Unit of the Arkansas Division of Correction. His claims in this case arise from the time he was in custody at the Pulaski County, Arkansas, Detention Center (the "Detention Center"). Plaintiff filed his Complaint on the Court's standard 42 U.S.C. § 1983 complaint form, but the first page of the form is missing. (Doc. No. 2). The Complaint was docketed as raising a claim against the Detention Center. Plaintiff also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Doc. Nos. 6. 7).

Upon screening Plaintiff's Complaint pursuant to the Prison Litigation Reform Act, the Court advised Plaintiff that his allegations as pled failed to state a claim on which relief may be granted. (Doc. No. 7). The Court specifically explained that the Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. (Doc. No. 7 at 3); Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). The Court also pointed out that Plaintiff makes no allegations against any specific person in his statement of claim. (Doc. No. 7 at 3). The Court gave Plaintiff the chance to file an Amended Complaint to cure the defects in his pleading. (Id. at 3-4).

Plaintiff filed an Amended Complaint naming only the Detention Center as a Defendant. (Doc. No. 9). In his statement of claim, Plaintiff says he fell off a top rack in the Detention Center resulting in a broken jaw. (Id. at 4). Plaintiff alleged no wrongdoing by any person. Plaintiff also filed a Notice. (Doc. No. 8). But Plaintiff's Notice also does not raise claims against any individual. Rather, Plaintiff explains in his Notice that he broke his jaw after the fell of the top rack in the Q Unit. (Id. at 2).

Plaintiff's claims against the Detention Center fail as a matter of law.[1] The Detention Center is not subject to suit under 42 U.S.C. § 1983. LaDeaux v. Woodbury Cnty. Jail, 857 F. App'x 892, 893 (8th Cir. 2021) (jail not a legal entity subject to suit). Beyond that, nothing in Plaintiff's Amended Complaint or Notice indicates that any individual acted in a way that violated Plaintiff's rights. Accordingly, the Court recommends Plaintiff's claims be dismissed.

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

2.   The Court recommend² that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).³

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 16th day of December, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

² The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

³ Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."